IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
(PIKEVILLE DIVISION)

MICHAEL ASH                                                                                    PLAINTIFF
35 Lone Oak Lane
Tram, Kentucky 41663

                                                                  Case No. _____

v.

                                                                  Judge_____

EQUIFAX INFORMATION SERVICES, LLC                                      DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:    CSC-Lawyers Incorporating Service Co.
                      421 W. Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

       SERVE:    The Prentice Hall Corporation System
                      421 West Main Street
                      Frankfort, Kentucky 40601
                      (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

SERVE:    CT Corporation System
306 W. Main Street, Suite 512
Frankfort, Kentucky 40601
(BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## **VERIFIED COMPLAINT**

Comes the Plaintiff, Michael Ash, by counsel, and for his Verified Complaint against the Defendants, Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian") states as follows:

### I. **PRELIMINARY STATEMENT**

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; the Defendants' false reporting of multiple repossessions on the same vehicle and monthly payment amounts and terms on Plaintiff's Equifax, Experian, and Trans Union credit reports; and Defendants' failure to correct the false reporting on Plaintiff's credit reports.

### II. **PARTIES**

2. Plaintiff, Michael Ash, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky, residing at 35 Lone Oak Lane, Tram, Kentucky 41663.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky, with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

5. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating, and

dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

8. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

10. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

11. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

12. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

13. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Floyd County, Kentucky, as a result of the Defendants' doing business in Floyd County, Kentucky.

### IV. FACTUAL BACKGROUND

14. In or around September 2020, Plaintiff accessed his Equifax, Experian and Trans Union credit reports and discovered all three reporting an alleged Community Trust Bank ("Community") auto-loan account with multiple inaccuracies. Trans Union and Equifax were reporting the account with a $339.00 monthly payment, with Trans Union also reporting a six-month term. Experian was reporting the account with a six-month term and listed the vehicle as being repossessed five separate times.

15. Immediately upon discovery of the false tradelines, Plaintiff disputed the alleged accounts to Equifax, Experian, and Trans Union in writing. Upon information and belief, Equifax, Experian, and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Community of the disputes at or within five (5) days of Equifax's, Experian's, and Trans Union's receiving notice of the disputes from Plaintiff.

16. In October 2020, Plaintiff again accessed his Equifax, Experian, and Trans Union credit reports, and the Community tradeline was reporting with the same inaccuracies. Despite Plaintiff's lawful request for removal or amendment of the disputed items, pursuant to the FCRA, Equifax, Experian, and Trans Union failed to investigate Plaintiff's disputes and failed to remove the disputed items from Plaintiff's credit report or to amend Plaintiff's credit reports.

17. Equifax's, Experian's, and Trans Union's failure to investigate Plaintiff's disputes and their failure to maintain the accuracy of Plaintiff's credit history has damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to Equifax's, Experian's, and Trans Union's failure to properly investigate Plaintiff's disputes.

18. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's Community

account. In addition, Defendants' violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Equifax

24. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

25. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed items, are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

26. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

27. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

28. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

29. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed

items, are violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

30. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are violations of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

31. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Experian**

32. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs, as if fully set forth herein.

33. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite knowledge of the falsity of the disputed items, are violations of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

34. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are violations of Experian's duties regarding investigation of disputed items under 15 U.S.C.

§1681i.

35. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA, as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

36. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

37. Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite Equifax's knowledge of the falsity of the disputed items, are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

38. Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

39. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

40. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs, as if fully set forth herein.

41. Trans Union's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite Trans Union's knowledge of the falsity of the disputed items, are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

42. Trans Union's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Trans Union's receipt of Plaintiff's disputes are willful violations of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

43. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

44. Plaintiff hereby adopts and incorporates the allegations contained in the above-pleaded paragraphs as if fully set forth herein.

48. Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the subject tradelines, despite Experian's knowledge of the falsity of the disputed items, are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

49. Experian's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or

sufficient attempts to delete and/or amend its reporting of the disputed items within a reasonable time following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

50. Experian's violations of the FCRA amount to willful non-compliance with the FCRA, as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiff for Plaintiff's actual damages, statutory damages, punitive damages, and Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Michael Ash, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential, and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/Emily H. Funk
Emily H. Funk
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Suite 100-C
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
EmilyFunk.hlolaw@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Michael Ash, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Michael Ash

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF FLOYD             )

Subscribed, sworn to and acknowledged before me by Michael Ash on this 1st day of March, 2021.

_____
Notary Public

Commission expires: 01-13-2023